IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL LEE PLUMMER,<br><br>            Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>           Respondent. | Case No. 3:22-cv-00019-JMK |

## ORDER OF DISMISSAL

Self-represented prisoner, Daniel Lee Plummer, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] At the time of filing, Mr. Plummer was a pretrial detainee at Goose Creek Correctional Center with pending Alaska state criminal charges.[2] The Court screened Mr. Plummer's Petition in accordance with Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts,[3] dismissed three of the claims, but granted leave to amend as to the Speedy Trial claim.[4] Mr. Plummer submitted a First Amended Complaint on

---

[1] Docket 1.

[2] *See Id.*

[3] Local Habeas Rule 1.1(c)(2) (providing that the same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241).

[4] Docket 5.

March 30, 2022.⁵ Again, this Court takes judicial notice of Mr. Plummer's criminal case in the Alaska Superior Court at 3AN-17-04692CR.⁶

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.⁷ A court must "promptly examine" a habeas petition.⁸ "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]"⁹

Federal courts have limited jurisdiction, because Article III § 2 of the U.S. Constitution only grants federal courts the authority to hear actual cases and controversies. The U.S. Constitution's case-or-controversy requirement necessitates that a petitioner must have an actual injury traceable to the defendant (or respondent) that can be remedied with a favorable judicial decision.¹⁰ A petition

---

⁵Docket 6.

⁶ Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

⁷ *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

⁸ Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. (The same procedural rules for 28 U.S.C. § 2254 govern 28 U.S.C. § 2241, Local Habeas Corpus Rule 1.1(c)(2)).

⁹ *Id.*

¹⁰ *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

for a writ of habeas corpus is moot when it no longer presents an actual injury and the relief requested cannot be remedied by a favorable decision from the court.[11] Mootness is jurisdictional; therefore, a moot petition must be dismissed, because nothing remains before a court to be remedied.[12]

The public record of the Alaska Superior Court shows that on May 4, 2022, Charges 1–6 were dismissed by the prosecution, Mr. Plummer's bond was exonerated, and Case No. 3AN-17-04692CR was closed.[13] Mr. Plummer is no longer a pre-trial detainee pursuant to Case No. 3AN-17-04692CR. Mr. Plummer no longer faces an alleged injury to his speedy trial rights that can be remedied with a favorable judicial decision; therefore, this petition is moot.

For the foregoing reasons, it plainly appears that the Court lacks jurisdiction over Mr. Plummer's Petition, because the issue is moot. Therefore, Mr. Plummer's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 must be dismissed.

**IT IS THERFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

---

[11] *Wilson v. Terhune,* 319 F.3d 477, 479 (9th Cir. 2003); *Burnett v. Lampert,* 432 F.3d 996, 1000–01 (9th Cir. 2005).

[12] *Spencer,* 523 U.S. at 18.

[13] *State of Alaska v. Daniel Lee Plummer*, Case No. 3AN-17-04692CR (Docket Information entries dated 05/04/2022).

The Clerk of Court shall send a copy of this Order along with the Judgment to Mr. Plummer at his new, unrelated custodial location of Cook Inlet Pretrial.[14]

4. A Certificate of Appealability shall not issue.[15]

Dated at Anchorage, Alaska this 23rd day of May, 2022.

/s/ Joshua M. Kindred
United States District Judge

---

[14] *See generally State of Alaska v. Daniel Lee Plummer*, Case No. 4FA-90-00579CR.

[15] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

3:22-cv-00019-JMK, *Plummer v. Houser*
Order of Dismissal
Page 4 of 4

Case 3:22-cv-00019-JMK   Document 7   Filed 05/23/22   Page 4 of 4